UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>TANA A. WILSON,<br><br>        Defendant. | Case No. 1:21-cr-00321-BLW<br><br>**REPORT AND RECOMMENDATION** |

On March 7, 2022, Defendant Tana A. Wilson appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. The Defendant executed a waiver of the right to have the presiding United States District Judge take her change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 1), the maximum penalties applicable, her Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that she entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

**REPORT AND RECOMMENDATION - 1**

Probation Office.

Because the offense to which Defendant entered her guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, Defendant appeared pursuant to a summons before United States Magistrate Judge Raymond E. Patricco on December 21, 2021, for an initial appearance and arraignment on the Indictment. (Dkt. 5.) The Government did not move for detention, and the Court entered an order setting conditions of release. (Dkt. 8.) These conditions included submission to random testing for prohibited substances; participation in mental health treatment as directed by pretrial services; and participation in a substance abuse assessment and a program of inpatient or outpatient substance abuse therapy and counseling as directed by pretrial services.

Since her release, Pretrial Services reports Defendant has struggled with maintaining sobriety. On February 18, 2022, Pretrial Services submitted a release status report advising the Court that Defendant admitted to weekly methamphetamine use between January 1, 2022, and January 24, 2022, as well as use of methamphetamine on or about February 7, 2022. (Dkt. 20.) Defendant submitted three drug tests during the month of February which tested presumptive positive for amphetamines, and lab

**REPORT AND RECOMMENDATION - 2**

confirmation is currently pending. (Dkt. 20.) Consequently, Pretrial Services increased drug testing frequency and referred Defendant for a substance abuse assessment. (Dkt. 20.) Pretrial Services filed a second release status report on March 3, 2022, reporting that Defendant completed a substance abuse assessment on February 23, 2022, and is currently enrolled in intensive outpatient treatment for substance abuse. (Dkt. 21.) Pretrial Services further reports Defendant has maintained a stable residence and is currently employed, and that she is participating in mental health counseling. (Dkt. 21.) Pretrial Services recommends no change to the conditions of pretrial supervision so that Defendant has the opportunity to participate in intensive outpatient treatment before further action is taken by the Court. *Id.*

According to Defendant's proffer, Defendant has been cooperative with Pretrial Services. She appeared voluntarily pursuant to a summons following indictment. Further, Defendant is currently participating in substance abuse treatment and mental health counseling.

According to the Government, Defendant played a minor role in the offense and has a minimal criminal history. The Government indicated it has no reason to believe Defendant is at an enhanced risk of flight or danger to the community at this time, nor is the Government aware of any other factors increasing these risks.

Upon consideration of the totality of the circumstances presented in this case, including the conditions of release and the disruption in the course of mental health and substance abuse treatment that would occur with detention pending imposition of

sentencing, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant Tana A. Wilson's plea of guilty to Count 1 of the Indictment (Dkt. 1);

2) The District Court order forfeiture consistent with Defendant Tana A. Wilson's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 1) and the Plea Agreement;

3) The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Count 2 of the Indictment (Dkt. 1) as to Defendant; and

4) The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release (Dkt. 8).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

**REPORT AND RECOMMENDATION - 4**

DATED: March 07, 2022

Candy W. Dale
Chief U.S. Magistrate Judge