UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>TANA WILSON,<br><br>      Defendant. | Case No. 1:21-cr-00321-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

On March 7, 2022, Ms. Wilson pled guilty to Count One of the Indictment charging her with Distribution of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Dkt. 24. The Court sentenced her to 36 months imprisonment. Dkt. 46. She now moves for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 48. The Government opposes the motion. Dkt. 50. For the reasons discussed below, the Court will deny Ms. Wilson's motion.

## LEGAL STANDARD

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in

**MEMORANDUM DECISION AND ORDER - 1**

limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)) (cleaned up). Congress provided one such exception in 18 U.S.C. § 3582(c)(1)(A)(i).

Section 3582(c)(1)(A)(i) provides that a district court may modify a final sentence in some situations. Before appealing to the court, the defendant must exhaust her administrative remedies. *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021). The court must then make three findings: (1) a reduced sentence is consistent with applicable Sentencing Commission policy statements; (2) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) favor relief; and (3) "extraordinary and compelling reasons" warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). If any one of the three factors is not met, the court may deny relief. *Keller*, 2 F.4th at 1284. The defendant bears the burden of establishing these requirements by a preponderance. *See, e.g.*, *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998); *Walton v. Arizona*, 497 U.S. 639, 650 (1990) (holding that a defendant's due process rights "are not violated by placing on him the burden of proving mitigating circumstances sufficiently substantial to call for leniency"), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584, 609 (2002).

## DISCUSSION

MEMORANDUM DECISION AND ORDER - 2

The Court will only grant Ms. Wilson's Motion for a Sentence Reduction if (1) she has exhausted her administrative remedies; (2) a reduction is consistent with applicable § 3553(a) factors; and (3) extraordinary and compelling reasons warrant a reduction. It appears that Ms. Wilson exhausted her administrative remedies. *Mot. Reduce Sentence* at 3, Dkt. 48; *Resp. Opp'n Mot. Reduce Sentence* at 4, Dkt. 50. Accordingly, the Court will consider whether any of the reasons that Ms. Wilson gives in support of her motion are extraordinary and compelling.

Ms. Wilson's first reason is her family. She explains in her motion,

> Being incarcerated is a hardship to my husband, as I am no longer receiving my disability check which helped with our finances with the Monthly bill pay. I was taking care of the house hold chores and pet care (1 dog, 3 cats and 7 fish), which he now tries to do after working full time, 5 days a week, 10 hours a day and these extra responsibilities put a great strain on him to get completed on a daily basis. I am not [t]here to provide support to him, nor to my daughter who is currently going through a divorce and needs my support and advise. My son recently was in a accident and needed my support. Overall, I am s[i]mply not tree for my family who need me

Dkt. 48 at 5.

The Sentencing Commission policy statements are informative in determining whether family circumstances are extraordinary and compelling. The Sentencing Commission issued policy statements that set out the standard for extraordinary and compelling reasons when the BOP brought § 3582(c)(1)(A)

**MEMORANDUM DECISION AND ORDER - 3**

motions. *See* U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2018). In the Ninth Circuit, these policy statements "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

According to the Sentencing Commission, extraordinary and compelling family circumstances encompass "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id.* at cmt. 1(C). Ms. Wilson does not show that her situation meets these criteria. She expresses an understandable desire to help her family through difficult situations and daily life. But she has neither argued nor shown evidence that her children are minors or that her spouse is incapacitated and has no other available caregiver.

Although the Court is not bound by these policy statements, § 1B1.13 is instructive because when Congress changed the law to allow inmates to bring their own motions under § 3582(c)(1)(A), it "did not change the standard" for extraordinary and compelling. *United States v. Ebbers*, 432 F. Supp. 3d 421, 427 (S.D.N.Y. 2020). The Court applies the same standard to all motions brought under § 3582(c)(1)(A), regardless of the movant. *See United States v. Rivernider*, No.

**MEMORANDUM DECISION AND ORDER - 4**

3:10-cr-222(RNC), 2020 WL 597393, at *2 (D. Conn. Feb. 7, 2020) ("In eliminating the requirement of a BOP motion, Congress did not modify the substantive standard governing eligibility for compassionate release."); *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019) ("Aside from allowing prisoners to bring a motion directly, the First Step Act did not change the standards for compassionate release."). The Court gives some deference to these policy statements and, in particular, to the Commission's expertise in assessing inmates' family circumstances. Thus, the Court finds that Ms. Wilson has not offered extraordinary and compelling reasons on the family front.

    Ms. Wilson's next highlights the mitigating evidence in her case. She writes,

> I was a successful salon business owner, but later in life struggled with mental health problems (PTSD, acute anxiety, ADD and bipolar) and had to sell the business and become a disabled home supporter. I am a loving wife, a mother who supported her family and friends with much care. I helped my husband through a baute with cancer, helping him get to appointments and making sure he was eating regularly. He always says he could not have made it without me. Just before the case, I was traveling between Idaho and Washington because my mother was very ill and was in Hospice care before passing several weeks later. This had a tremendous impact on me and spiraled me back into using drugs- a reason, NOT an excuse.

Dkt. 48 at 5. These are circumstances that were described in the PSR and that the Court already considered at sentencing. Her relatively lenient 36-month sentence

MEMORANDUM DECISION AND ORDER - 5

was a product, in part, of these considerations. As the Court has stated previously, "mitigation evidence presented at sentencing is not, by itself, extraordinary and compelling." *United States v. Adame*, No. 1:18-cr-00391-BLW, 2022 U.S. Dist. LEXIS 108995, at *23 (D. Idaho Jan. 22, 2022).

Finally, Ms. Wilson points to her rehabilitation. She explains, "I did all I could to assist law enforcement, giving them much true information on drug suppliers, Including mine. I have turned my back on drugs and everyone associated with them. My incarceration has done away with the thought of using anymore." Dkt. 48 at 5. The Court commends Ms. Wilson on her commitment to rehabilitation. However, as with the other mitigating evidence, these facts were already reflected in the sentence imposed. Moreover, rehabilitation itself is not an extraordinary and compelling reason for release.

Ms. Wilson has failed to present extraordinary or compelling reasons for her release. Accordingly, **IT IS ORDERED that** Defendant's Motion to Reduce Sentence (Dkt. 48) is **DENIED**.

DATED: June 30, 2023

B. Lynn Winmill
U.S. District Court Judge